IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD B. BASSETT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civil Action<br>No. 15-2074 (WHW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**Walls, Senior District Judge**

After pleading guilty to a federal narcotics charge, Ronald Bassett (referred to here as "Petitioner" and "Defendant") filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. ECF No. 1. Petitioner now moves to disqualify this judge under 28 U.S.C. § 455(a). The motion is decided without oral argument under Fed. R. Civ. P. 78. For the reasons below, Petitioner's motion is denied.

## BACKGROUND

Bassett entered into a plea agreement on June 4, 2012, pleading guilty to violating 21 U.S.C. § 846. ECF No. 8-2. On June 22, 2012, Bassett was interviewed by a probation officer in the presence of defense counsel. Transcript of Sentencing on January 9, 2013, 103:3-6, ECF No. 1-8 ("Tr."). At the interview, Bassett was given a financial statement to fill out, and left it blank. *Id.* 103:14-16. Asked about his property, he represented that his late mother had devised him an interest in certain real property in her will, which was in probate. *Id.* 103:14-15. The probation officer submitted a final draft of the presentence investigation report on September 18, 2012. *Id.* 103:17-19. Contrary to Bassett's representations to the probation officer, a decree granting

probate had been issued in August of 2010. *Id.* 11:1-3; 39:6-13. At the time of his presentence interview, Bassett owned a two-thirds interest in Virginia real estate valued by the county at $223,000. *Id.* 104:6-10. In November of 2012, Bassett submitted a financial statement showing an interest in the real property valued at $40,000. *Id.* 75:6-7.

The Court sentenced Bassett on January 9, 2013. ECF No. 8-3. During sentencing, the following colloquy took place between the Court and Bassett's counsel:

> THE COURT: . . . . So the will had been probated and approved, in other words, as of 2010. And in June of 2012, practically two years from that time, what mention if any is made from that which flowed from his mother by way of testacy him?
> MR. RUBINSTEIN: Well, the first thing, Judge, nothing was asked about what was involved in probate.
> THE COURT: He said everything is in probate. I'm asking – he says everything is in probate, which happened 20-22 months before.
> MR. RUBINSTEIN: Well, that's not exactly accurate, Judge.
> THE COURT: But what's August of 2010 and June of 2012?
> MR. RUBINSTEIN: You're right about the timeframe, but the fact of the matter is, that the term "probate" was misstated; correct?
> THE COURT: Was what?
> MR. RUBINSTEIN: Was a misstatement of the term, understanding of the term, what the term means.
> THE COURT: Come on now, we have your client, who proudly says he's a "good fucking teacher with business."
> MR. RUBINSTEIN: I thought – I'm the one that said it was in probate. I'm the one that said –
> THE COURT: You thought. You want to go to jail with him too?
> MR. RUBINSTEIN: I'm the one that said to Mr. Flores – he says it in 143 –
> THE COURT: Go ahead with the argument. I caution you, since you've been before me, don't go down that path.
> MR. RUBINSTEIN: I don't want to. I don't want to, Judge. I want to explain to your Honor that the term "in probate" is a term of art for estate lawyers. What it means –
> THE COURT: It's a term of art for anybody who wants to make it a term of art. But in the real world, anybody such as your very – your very astute client, he knows that his mother's will is in there to be approved. And once that's approved, he takes what she divides to it. I don't expect him to use the terms that you and I learned in Property 1, or Estate Planning, but I expect him to understand that. It would be unrealistic for me not to assume that he knew what was going on with regard to probate. I don't expect him to know that probate over in New York,

> other than New Jersey, used to get commissions on that nonsense. I wouldn't expect him to know that. I would expect him to know that, once my mother's will went to the probation department and they approved it, whatever she left was mine.

Tr. 39:9-41:5. Bassett's counsel argued that although the will had been probated, the estate's assets might not have been distributed. *Id.* 41:9-11. Counsel then confirmed that Bassett was the estate's executor. *Id.* 41:12-13. During counsel's further discussion of Bassett's mother's estate, the Court stated, "[y]ou know what you're doing, you're making it hard on yourself. You're making it harder on yourself. You remind me of Sisyphus." *Id.* 42:18-20. After an explanation of who Sisyphus was, the Court informed counsel that "[y]ou're not getting anywhere with me on that point." *Id.* 42:25. Petitioner states in his brief that "[t]hese comments would seem to have been directed at counsel and not at defendant." Pet.'s Br. 4.

At the conclusion of the sentencing, the Court found that Bassett "violated his [plea] agreement, which is referenced with regard to the sentencing Guidelines 8 3C1.1, paragraph 8, as an example of obstructing or impeding the administration of justice." Tr. 105:6-9. Because the Court found that Bassett withheld material information from the probation officer, the Court increased his offense level from 32 to 34, and denied his motion for a downward adjustment based on his acceptance of responsibility. *Id.* 106:23-107:7.

On March 22, 2015, Petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel during sentencing. *See* Pet.'s Mot. 5, ECF No. 1. He alleges that his counsel "provided erroneous advice . . . concerning the financial disclosure information and net worth information [he] was required to provide for the pre-sentence investigation." *Id.* He further asserts that "during the sentencing hearing, counsel misrepresented to the court the status of assets that were the subject of [his] deceased mother's estate." *Id.* As a result, he claims he was "denied the downward adjustment for accepting

responsibility [he] believed [he] should have gotten, and instead, received a two-level enhancement for what the court perceived as obstruction of justice." *Id.* As a second ground for relief, Petitioner asserts that "the sentencing court failed to inquire into the conflict between [his] attorney and [himself.]" *Id.* 6. Finally, as a third ground, he alleges that his "attorney failed to raise the issue of the denial of [his] motion to suppress wiretap evidence on appeal." *Id.* 8.

On May 22, 2015, Petitioner moved to disqualify this judge under 28 U.S.C. § 455(a). ECF No. 9; *see also* Amended Motion to Amend/Correct Caption, ECF No. 11. Petitioner argues that "defense counsel was rendered ineffective during the sentencing hearing by the Court's abusive conduct toward him." Pet.'s Br. 11. Specifically, he contends:

> While it is not clear whether the Court would have found counsel in contempt for trying to provide information about how the information had been collected, this Court's threat had a chilling effect upon how counsel argued defendant's case. Counsel was forestalled from advancing legal arguments to rebut the Government's assertion that defendant had obstructed justice during the pre-sentencing process, and he was rendered ineffective by the Court's conduct. Anyone reviewing this sentencing record could conclude that this Court was biased against defendant.

*Id.* 9.

## DISCUSSION

The decision to recuse lies within the discretion of the district judge. *United States v. Wilensky,* 757 F.2d 594, 599-600 (3d Cir. 1985). A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of "§ 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 865 (1988). To determine whether a judge should recuse himself under § 455(a), a court must examine "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289,

296 (3d Cir. 2004). This is an objective inquiry, concerned with not only whether a judge is actually impartial but whether there is an appearance of impartiality. *United States v. Kennedy,* 682 F.3d 244, 258 (3d Cir. 2012).

Successful motions under § 455(a) have involved a judge's financial interest in the outcome of the litigation, *Liljeberg,* 486 U.S. at 862, or extrajudicial involvement with one of the parties. *See Home Placement Serv., Inc. v. Providence Journal Co.,* 739 F.2d 671, 675-77 (1st Cir. 1984) (while the matter was pending, the defendant newspaper had interviewed the judge and written an article about the judge's home). In other words, recusal under § 455(a) involves some actual or apparent preference for one side that is unrelated to the merits of the case. "When a presiding judge has a lesser connection to the involved entities, the risk of perceived partiality subsides as well." *In re Apollo*, 535 F. App'x 169, 173 (3d Cir. 2013).

Petitioner does not allege that this judge has any extrajudicial connection to either side, or point to facts that would suggest a conflict of interest. Instead, Petitioner's central contention is that the Court cannot fairly review his § 2255 petition after "chilling" defense counsel's legal arguments.

District courts routinely evaluate allegations of ineffective assistance of counsel involving attorneys whose behavior they have observed. *See, e.g., McKnight v. United States*, 27 F. Supp. 3d 575, 593 (D.N.J. 2014) (Walls, J.); *United States v. Felzenberg*, No. 93-cr-460, 1998 WL 152569, at *18 (S.D.N.Y. Apr. 2, 1998) (Sotomayor, J.) (evaluating an ineffective assistance of counsel claim involving an attorney's alleged mishandling of an accounting issue during the sentencing hearing). During the sentencing hearing in this case, the transcript of which totals 122 pages, defense counsel was given the opportunity to raise legal arguments and discuss the factual record. The Court's rejection of counsel's arguments does not demonstrate an inability to be

impartial in evaluating Bassett's § 2255 petition. *See Liteky v. United States,* 510 U.S. 540, 555 (1994) (holding that an adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality). Petitioner concedes that the comments he finds objectionable "would seem to have been directed at counsel and not at defendant." Pet.'s Br. 4. The attorney who appeared on behalf of Petitioner during his sentencing is not representing him in this matter. ECF No. 1-7; Pet.'s Br. 5.

The Court is aware of no authority requiring recusal in these circumstances.

## CONCLUSION AND ORDER

Petitioner's motion is DENIED.

DATE: 10 June 2015

Hon. William H. Walls
Senior United States District Judge